```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
REYNALDO MORALES
                         Petitioner,

         -against-                                              ORDER
                                                                09 Civ. 5080 (RLC)
THE UNITED STATES OF AMERICA                                    98 Cr. 438 (RLC)

                         Respondent.
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/09

**ROBERT L. CARTER, District Judge**

     Petitioner Reynaldo Morales has filed a Petition pursuant to 28 U.S.C. § 2255. He claims to have received ineffective assistance from his trial counsel, Larry Krantz, Esq. Morales claims that Krantz failed to advise him of his right to testify at a juvenile transfer proceeding for prosecution as an adult, Krantz failed to call an expert psychiatrist/psychologist to testify at the hearing, and Krantz failed to consult with him about the availability of witnesses to testify on his behalf at the hearing. The government wishes to speak with Krantz before responding to Morales's claims, and to supplement the record with an affirmation from him. It seeks an order that Morales has waived attorney-client privilege relating to his ineffective assistance claims.

     "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." In re Lott, 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc)); see also Frias v. United States, Nos. 09 Civ. 2537 (JFK), 01 Cr. 0307 (JFK), 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009); Graziose v. United States, No. 03

Civ. 8109, 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004); Coluccio v. United States, 289 F.Supp.2d 303, 304-05 (E.D.N.Y. 2003).

Morales does not object to a finding of a limited waiver. He asks, however, that the court direct Krantz to submit an *ex parte* and *in camera* affidavit so that he can file opposition papers, if appropriate, before the court rules as to what information should be released to the government. The government opposes Morales's request for an *in camera, ex parte* submission to the court addressing the claims made in his Petition, calling such measures unnecessary.

In order to protect those portions of Morales's privilege which have not been waived, **IT IS HEREBY ORDERED** that Morales's former counsel, Larry Krantz, Esq, submit by **November 20, 2009,** an *ex parte* and *in camera* affidavit in response to the claims made in Morales's Petition.

**IT IS FURTHER ORDERED** that if Morales wishes to file opposition papers he must do so by **December 11, 2009.**

DATED:   New York, New York
         October 29, 2009.

Robert L. Carter
United States District Judge

2